## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN-KYU KIM** | ) | |
| Plaintiff, | ) | Case No: |
| vs. | ) | |
| | ) | |
| **THE KOREAN NEWS OF CHICAGO** | ) | Judge |
| **INC**., an Illinois Corporation**, ANDREW HUH**, | ) | |
| individually, **SOOK Y. KIM**, individually, and | ) | |
| **ROBERT B. KIM**, individually, | ) | |
| | ) | |
| Defendants, | ) | |

## COMPLAINT

By and through his attorneys of record, the plaintiff, IN-KYU KIM ("Plaintiff"),

hereby complains of the defendants, THE KOREAN NEWS OF CHICAGO INC., an

Illinois corporation, ANDREW HUH, individually, SOOK Y. KIM, individually and

ROBERT KIM, individually, ("Defendants"). Pleading hypothetically and in the alternative,

the Plaintiff alleges as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL"), for

Defendants' failure to pay minimum and overtime wages to Plaintiff. During the course of

his employment by Defendants, Plaintiff was paid wages less than both the federal and State

of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess of forty

(40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that

Defendants' failure to pay the regular and overtime wages is willful and intentional.

2.      In Count I, II, III, and IV, the Plaintiff brings Minimum wage and Overtime wage claims under FLSA and IMWL.

3.      In Count V, Plaintiff brings a claim for breach of oral contract from a business relationship between Plaintiff and The Korean News of Chicago Inc., Andrew Huh, Sook Y. Kim and Robert Kim.

**PARTIES**

4.      The Plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

5.      Plaintiff was at all times relevant hereto an employee of Defendants.

6.      Plaintiff was at all times relevant hereto individual employed in the State of Illinois by Defendants.

7.      Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

8.      Plaintiff is filing this FLSA claim as an individual action for himself.

9.      For the period commencing on or about April 10, 2014, until August 14, 2014, Plaintiff Inkyu Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants.

10.      During this period, Plaintiff was never paid any wage for the hours he worked for Defendants.

11.     After August 15, 2014, until February 4, 2015, Plaintiff performed work for Defendants in excess of forty (40) hours per work week.

12.     During this period, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

13.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

14.     Plaintiff regularly worked from Monday through Sunday and worked more than 40 hours per week while employed by Defendants.

15.     Plaintiff was hired as a newspaper publisher of the company.

16.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

17.     Plaintiff was required to report to work for Defendants at a certain time.

18.     Plaintiff could not set his own hours of work for Defendants.

19.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20.     Defendant The Korean News of Chicago Inc. is and was at all relevant times hereto engaged in the Newspaper Business.

21.     Upon information and belief, at all times relevant to this action, the following defendants held, and hold, an ownership interest in The Korean News of Chicago Inc.: a) Andrew Huh, b) Sook Y. Kim and/or c) Robert B. Kim.

22. Upon information and belief, at all times relevant to this action, the following defendants exercised, and exercise, significant control over The Korean News of Chicago Inc.: a) Andrew Huh, and b) Robert B. Kim.

23. Upon information and belief, at all times relevant to this action, the following defendants were, and are, corporate officers of The Korean News of Chicago Inc.: a) Andrew Huh, b) Sook Y. Kim and/or c) Robert B. Kim.

24. Defendants Andrew Huh and Robert Kim ("Defendants") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

25. Defendants participated in and approved of the unlawful pay practices of the corporate Defendant The Korean News of Chicago Inc.

26. Defendants exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27. Defendants hired Plaintiff.

28. Defendants were in charge of paying employees.

29. Defendants told Plaintiff where to work and when to work.

30. Defendants employed Plaintiff to do work for them in the State of Illinois.

31. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

33. Defendants held Plaintiff out as an employee.

34. Defendants employed and paid Plaintiff as their employee.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

36. Defendants never obtained legal advice or counsel that overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

39. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

40. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

41. Defendant the Korean News of Chicago Inc. is an Illinois corporations doing business as a Newspaper company and is enterprises as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42. At all times relevant to this action, the following defendants were the Plaintiff's supervisors and/or managers: a) Andrew Huh, and b) Robert B. Kim.

43. At all times relevant to this action, the following defendants had the power to hire and fire employees, including the Plaintiff: a) Andrew Huh, b) Sook Y. Kim and c) Robert B. Kim.

44. At all times relevant to this action, the following defendants had the power to direct the particulars of the Plaintiff's work: a) Andrew Huh, and b) Robert B. Kim.

45. During the Plaintiff's employment by the Defendants, the following Defendants assigned tasks to the Plaintiff, set the Plaintiff's work schedule from week to week and set the Plaintiff's pay rates: a) Andrew Huh, and b) Robert B. Kim.

46. The Korean News of Chicago Inc. is an Illinois Corporation engaged in the newspaper business in Illinois. The Korean News of Chicago Inc. is authorized to and conducts business within the State of Illinois.

47. Defendants Andrew Huh, Sook Y. Kim and Robert B. Kim are residents of Illinois and doing business in Illinois.

**VENUE**

48. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

49. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

50. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

### The Korean News of Chicago Inc.

51.     Plaintiff started his career as a journalist at "Hankook Ilbo (Korea Times)" in year 1977 in Korea.  Hankook Ilbo (Korea Times) was founded in 1954, and was one of the biggest national newspaper companies in South Korea.

52.     In 2000, the CEO of Korea Times USA, a subsidiary of Korea Times offered Plaintiff to work in its New York branch when he was a chief of News Gathering Center of North Gyoungsang province and City of Daegu in Korea. Plaintiff accepted this offer and started his work in New York as a Chief editor on November 1, 2000.

53.     In 2006, Plaintiff was promoted to the head of the branch in Chicago, Illinois and worked for 2 years.

54.     In 2011, a Buddhist foundation in Seoul offered Plaintiff to run their University Center in Tuxedo, NY. Plaintiff accepted the offer and came to New York.

55.     Defendant Robert Kim was an acquaintance of Plaintiff from the time he began working in Chicago, Illinois as the Head of Chicago Branch of Korea Times.

56.     While Plaintiff stayed in Tuxedo, NY, Plaintiff kept in touch with Robert Kim. Robert Kim was very enthusiastic about purchasing the Korean Newspaper Branch and he kept updating Plaintiff about the sale of Chicago Branch of Korea Times. One day he called and informed Plaintiff that the listing price of the branch was for $2,000,000 and later he updated Plaintiff that the price was reduced to $1,500,000.

57.     In the beginning of April of 2014, the CEO of Korea Times USA offered plaintiff exclusive right to purchase the Chicago Branch at a deeply discounted price. The

CEO said he is offering Chicago Branch at $500,000 to only 3 peoples who were in very special relations with Korea Times. Plaintiff was the first person among them to be offered he said.

58.     At that time, Plaintiff was not able to buy it so he informed Robert Kim about this offer.

59.     Robert Kim was very excited that the price was exceptionally low. Robert Kim asked Plaintiff to proceed with the deal as soon as possible.

60.     Both Robert Kim and Andrew Huh were owners of travel agencies and they were not familiar with newspaper business. Kim and Huh asked plaintiff to work on the purchase of Chicago branch from Korea Times USA.  Plaintiff worked as Robert Kim and Huh's representative. Plaintiff worked around 8 hours a week to correspondent with Korea Times USA and Kim. At times, Plaintiff worked more than 10 hours a week because Robert Kim demanded unreasonable options to the Korea Times USA. Finally, after months of negotiation, the deal was finalized.

61.     Due in large part to Plaintiff's effort, the deal closed and on August 15, 2014, Robert Kim and Andrew Huh each invested $200,000 and bought the Chicago Branch with $100,000 of owner's financing. The total purchase price was $500,000.00 which represented a huge bargain and only possible due to plaintiff's connection to Korea Times USA.

62.     Robert Kim and Andrew Huh valued Plaintiff's endeavor highly and they verbally agreed to give Plaintiff 30% of the share of the new corporation which would own the Chicago Branch of Korea Times. The agreement called for Sook Y. Kim who is the

spouse of Robert Kim and Andrew Huh receiving 35% of stock share each and plaintiff receiving the remaining 30% of the corporation.

63.     Robert Kim and Andrew Huh incorporated the Korean News of Chicago Inc. for the Chicago branch of Korea Times.

64.      Robert Kim asked Plaintiff to run the business on behalf of them and promised Plaintiff $2,000 per month for his wage, his own apartment, and his own vehicle. Also, he promised Plaintiff a pay raise after the business stabilizes.

65.     On August 15, 2014, Plaintiff moved to Chicago with his wife from New York to work for Defendants full time.

66.     However, from the beginning, Robert Kim did not keep his promise. Kim did not provide an apartment to him, and Plaintiff and his wife were only provided a corner of Kim's living room to sleep.

67.     Plaintiff and his wife endured the inconvenience of living in a corner of the living room and using the bathroom in Kim and his wife's bedroom which was the only bathroom available.

68.     Kim also promised Plaintiff to buy a new car and transfer the title to Plaintiff, but Kim bought a car with a loan and titled it under company's name.

69.     Plaintiff asked Kim to keep his promises but Kim came up with excuses and avoided him.

70.     Despite these adverse situations, Plaintiff worked very hard to set up the business. He even picked up newspapers from Chicago Tribune in downtown Chicago

where Korea Times' newspapers were printed. He worked on Saturdays and Sundays as well and had no day off.

71. Around October of 2014, Robert Kim ordered Plaintiff to find someone who would purchase the company. While Plaintiff tried to look for prospective buyers, on January 5, 2015, Plaintiff received a letter from an attorney to leave Kim's house.

72. On February 4, 2015, Plaintiff received an email from Robert Kim stating that the company's board terminated Plaintiff's employment.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

73. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

74. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

75. For Plaintiff Kim, for the period commencing on or about April 10, 2014, until February 4, 2015, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

76. Plaintiff Kim performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

77.    Throughout Plaintiff Kim's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

78.    Plaintiff Kim regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

79.    This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

80.    During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

81.    Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

82.    Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

83.    Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual .workweeks.

84.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

85.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act -Minimum Wage

86.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

87.     The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

88.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

89.     During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

90.     Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

91.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

93.     Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**

94.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

95.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

96.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

97.     At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

98.     Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

99.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

100.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

101.     Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover his unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours worked;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages

102.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

103.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

104.    The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

105.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

106.    Defendants failed to compensate Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

107.    Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

108.    Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

109.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.    Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.    Reasonable attorney's fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Breach of Contract

110.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

111.    In the middle of July, 2014, defendant Robert Kim offered plaintiff 33% shares of the newly incorporated company, the company incorporated solely for the purpose of owning Korea Times of Chicago if plaintiff is able to help the defendants acquire the Korea Times of Chicago. The shares would be given after the purchase of Korea Times of Chicago is completed, Kim explained.

112.    Defendant Kim told plaintiff that him, defendant Huh and plaintiff would each own 33.3% of the new corporation if they succeed in acquiring Korea Times of Chicago. Plaintiff was excited about the offer but since he would not contribute financially he was concerned why defendants were being so generous. Kim told plaintiff that they weren't going to be able to acquire the business without plaintiff's help. Besides, they do not know anything about running a newspaper so they needed plaintiff's help even after the acquisition. Plaintiff happily accepted the offer.

113.    Soon after the plaintiff and defendants agreed to split the shares, defendant Kim asked to change the share split to Huh owning 35%, defendant Kim or his wife owning 35% and the remaining 30% to plaintiff. Defendant Kim suggested that they change the ownership percentage since that would be easier for mathematical purposes. Plaintiff agreed.

114.    Defendants incorporated The Korean News of Chicago Inc. on July 14, 2014.

115. Due to plaintiff's connection and hard work, defendants were able to purchase the newspaper on August 15, 2014.

116. Although Plaintiff kept his agreement, Defendants breached their agreement by not giving Plaintiff the promised 30% of the share of the company after defendants' acquisition of the newspaper was finalized.

117. Defendants' breach caused Plaintiff to suffer damages.

**WHEREFORE,** Plaintiff demands compensatory damages for breach of contract in the amount to be determined at trial and such other reliefs that this Court deems just and proper.

### JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: February 20, 2017

 /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs